## CIRCUIT COURT OF THE CITY OF RICHMOND

W. M. Jordan Co., Inc.

v.

Allyn R. Sielaff, etc., et al.

Case No. LJ-2310-1

By JUDGE MELVIN R. HUGHES, JR.

January 9, 1987

[As to] the argument on December 8, 1986, on defendants' Motion for Partial Summary Judgment, after ruling on the other issues presented, the Court took under advisement the remaining issue of whether the plaintiff, a general contractor, can assert the claim of its subcontractors against the defendant Commonwealth, owner in this construction contract dispute.

After review and in consideration of the authorities on this issue, for the reasons mentioned on pages 5-7 of Defendants' Memorandum of Law in support of the Motion for Partial Summary Judgment, the motion is granted.

March 24, 1987

For the trial in this case, scheduled for three days in April, plaintiff has moved the Court by its motion filed in February, 1987, to extend the time for filing Motions to add four subcontractors as parties or to otherwise order these parties be made parties to this case.

This case involves claims brought by a general contractor against the Director of the Virginia Department of

Corrections, arising out of the construction of a minimum security prison facility let by a contract in 1979.

Since plaintiff's claims and that of the four subcontractors are intertwined and because the facts suggest the Commonwealth has interacted the claims of plaintiff as the general contractor with those of the subcontractors, plaintiff argues, the subcontractors should be joined as parties. Plaintiff suggests aligning the parties so as to make the subcontractors plaintiff; the general, now plaintiff, the defendant; and the Department of Corrections a third party defendant. Plaintiff argues the subcontractors all will most certainly file claims, and multiple and inconsistent obligations, among other things, will be avoided and complete relief accorded the present parties to this dispute if this request is allowed.

By the time this motion has ripened for a decision by the court after argument on March 20, 1987, there is a month before the trial. I agree with the Commonwealth. The fact that the parties may have agreed to lump both the general contractor's and the subcontractors' claims together for consideration as a matter of settlement negotiations does not bind the Court to accept these conditions as factually and legally significant. This is especially true when this motion is considered in light of the Court's earlier ruling that plaintiff not be allowed to pass through the subcontractors' claims with its own against the defendant. Further, while consent is not essential to grant the relief plaintiff seeks, there is no evidence the proposed additional parties, save one, are in accord with their being included in the proceedings. Indeed, Hungerford Mechanical Corporation, one of the proposed parties, resists this step and if added, like the others, may seek and would be due time and other considerations (discovery, for example) to prepare for trial.

At this stage I am not sure that judicial economy would be served by avoiding what may be other trials when other parties could seek trial by jury and other safeguards to prosecute their claims against the plaintiff while plaintiff prosecutes its claims against the defendant in one case.

Accordingly, for the reason stated, plaintiff's motion is denied.